# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| MAUREEN LAMARR,<br><br>    Plaintiff,<br><br>v.<br><br>MONTGOMERY LYNCH AND ASSOCIATES, INC.,<br><br>    Defendant. | CAUSE NO.: 1:18-CV-185-TLS |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's, Maureen LaMarr, Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) [ECF No. 10]. The Plaintiff seeks statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3). For the reasons stated below, the Court GRANTS, IN PART, the Plaintiff's Motion for Default Judgment and costs. The Court WITHHOLDS its ruling regarding the Plaintiff's requests for attorneys' fees until the parties submit further briefing.

## BACKGROUND

The Plaintiff filed its Complaint against the Defendant, Montgomery Lynch and Associates, Inc., on June 17, 2018 [ECF No. 1]. The Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (FDCPA), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq., (IDCSA) for the Defendant's unlawful collection practices. (Pl.'s Compl. ¶ 1.) Counsel for the Plaintiff entered notices of appearance

[ECF Nos. 2, 3]. On June 18, 2018, the Plaintiff issued a summons to the Defendant [ECF No. 4], which was returned executed on September 4, 2018 [ECF No. 7]. The Defendant was given until September 18, 2018 to respond to the Plaintiff's Complaint and failed to do so. On October 24, 2018, the Plaintiff filed a Motion for Clerk's Entry of Default [ECF No. 8] pursuant to Rule 55(a) and requested that the Clerk enter the default of the Defendant for its failure to plead or otherwise defend itself against the Plaintiff's Complaint. The Clerk entered the default judgment on October 25, 2018 [ECF No. 9].

**LEGAL STANDARD**

The entry of default and default judgment are governed by Federal Rule of Civil Procedure 55. Once the default of a party has been established for failure to plead or otherwise defend, Federal Rule of Civil Procedure 55 authorizes a party to seek and a court to enter a default judgment. In the Seventh Circuit, "well-pleaded allegations of the complaint relating to liability are taken as true[.]" *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246 (7th Cir. 1990) (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)). If a plaintiff's allegations are well-pled, a default judgment, as a general rule, "'establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'" *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (alterations in original) (quoting *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982)); *see also O' Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993).

The party moving for a default judgment must then establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). While the well-pleaded allegations of the complaint with respect to liability are taken as true, the amount of damages must still be proved.

*Gard v. B & T Fin. Servs., LLC*, No. 2:12–CV–005 JD, 2013 WL 228816, at *2 (N.D. Ind. Jan. 22, 2013) (citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)). Courts must ascertain with reasonable certainty the proper amount to award as damages to the prevailing party, based upon either an evidentiary hearing or from definite figures contained in documentary evidence or in detailed affidavits. *In re Catt*, 368 F.3d at 793; *Dundee Cement Co.*, 722 F.2d at 1323. Rule 55(b)(2) authorizes a court to "conduct hearing or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of actual damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)–(D).

## ANALYSIS

The Plaintiff asserts that the Defendant violated the FDCPA in its attempts to collect a debt from Plaintiff after being informed that the Plaintiff had retained counsel with regard to that debt, in violation of 15 U.S.C. § 1692c(a)(2), and using profane and abusive language toward the Plaintiff, in violation of 15 U.S.C. § 1692d. (Pl.'s Mot for Default J. ¶ 2.) The Plaintiff seeks the full statutory allotment of $1,000.00 as permitted pursuant to the FDCPA, attorneys' fees of $5,280.00, and $475.00 in costs. (*Id*. ¶¶ 8–9.)

### A. Statutory Damages

The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to … such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). In assessing whether part or all of the $1,000 in statutory damages shall be awarded, the Court should consider the frequency and persistence of non-compliance by the debt collector, the nature of such non-compliance, and the extent to which the non-compliance was

intentional. 15 U.S.C. § 1692k(b)(1); *see also Tolentino v. Friedman,* 46 F.3d 645, 651 (7th Cir. 1995).

In this case, the Defendant's actions clearly violated the FDCPA. The Defendant spoke abusively toward the Plaintiff in violation of 15 U.S.C. § 1692c(a)(2) and contacted the Plaintiff even after the Plaintiff made the Defendant aware she had retained counsel regarding that debt in violation of 15 U.S.C. § 1692d. (Pl.'s Compl. ¶¶ 11–14.) The nature of the Defendant's noncompliance, including cursing at the Plaintiff and calling the Plaintiff a second time after being informed she had retained counsel indicate that the non-compliance was intentional. Accordingly, the Court GRANTS the Plaintiff $1,000.00, the full amount of "additional damages" provided pursuant to the FDCPA.

### B. Attorneys' Fees

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as reasonable attorneys' fees. *See Schlacher v. Law Offices of Phillip J. Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) ("Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees."); *see also Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). This award is mandatory. *Id*. The general rule for calculating attorneys' fee awards under fee shifting statutes is applicable to attorney's fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d 747, 748–49 (7th Cir. 2010). The starting point for calculating awards of attorney's fees is the lodestar method, which requires calculation of a reasonable hourly rate multiplied by the number of hours reasonably expended on the litigation. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th Cir. 2012).

Generally, a reasonable hourly rate for an attorney is based on what the attorney charges and receives in the market from paying clients for the same type of work. *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for [the] type of work in question." *Owens v. Howe*, 365 F. Supp.2d 942, 947 (N.D. Ind. 2005) (internal citations and quotations omitted). A plaintiff bears the burden of producing satisfactory evidence that the hourly rate is reasonable and in line with those prevailing in the community. *Calkins v. Grossinger City Autocorp, Inc.*, No. 01 C 9343, 2003 WL 297516, at *1 (N.D. Ill. Feb. 12, 2013); *see also Spegon v. Catholic Bishops of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (noting that the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed). The Court must evaluate the Plaintiff's requests for attorneys' fees carefully. The Seventh Circuit has stated that district court orders should "evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed." *Moriarty v. Svec II,* 233 F.3d 955, 968 (7th Cir. 2001).

Plaintiff's counsel requests $475.00 in costs and $5,280.00 in attorneys' fees. In support of its requests for costs and attorneys' fees, the Plaintiff attached a declaration from attorney Geoff B. McCarrell [ECF No. 10-3]. Attorney McCarrell described the costs incurred and stated that attorney Melanie Pennycuff expended 5.2 hours of work at a rate of $350.00/per hour and he expended 5.9 hours of work at rate of $400.00/per hour (*Id*. ¶¶ 5–7.) Attorney McCarrell also stated that he estimated that his firm would expend an additional 5.0 hours of work at a rate of no less than $125.00/per hour on post-judgment efforts. (*Id*. ¶ 8.)

Plaintiff's counsel adequately explained the costs incurred. Plaintiff's counsel, however, failed to produce satisfactory evidence that the attorneys' fees charged were reasonable and in line with those of similar experience in the Northern District of Indiana. Moreover, Plaintiff's counsel did not state the attorneys' years of experience in numerical terms, instead the Plaintiff stated that the hourly rates for the attorneys were a reasonable rate for his/her "level of experience in this type of litigation." (*Id*. ¶¶ 6–7.) Finally, the Court cannot accurately determine whether a minimum of $125.00/per hour is a reasonable rate for "post-judgment efforts" that are yet to be completed for attorneys yet to be identified. Therefore, the Court WITHHOLDS its ruling on attorneys' fees until further briefing from Plaintiffs.

## CONCLUSION

Based on the foregoing, the Court GRANTS, IN PART, and WITHHOLDS its ruling regarding the Plaintiff's Motion for Default Judgment [ECF No. 10]. The Court GRANTS statutory damages in the amount of $1,000.00 and costs in the amount of $475.00. The COURT WITHHOLDS its ruling regarding the Plaintiff's attorneys' fees until it receives further briefing. The Court ORDERS that the parties submit additional briefing regarding attorneys' fees by February 25, 2019.

SO ORDERED on January 21, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT