# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

MAUREEN LAMARR,

    Plaintiff,

    v.

MONTGOMERY LYNCH AND
ASSOCIATES, INC.,

    Defendant.

CAUSE NO.: 1:18-CV-185-TLS

## OPINION AND ORDER

This matter is before the Court on the submission of the Plaintiff's, Maureen Lamarr, Declaration in Support of Attorneys' Fees [ECF No. 12], filed on February 20, 2019. For the reasons stated below, the Court GRANTS Attorneys' Fees of $5,135.00.

## BACKGROUND

The Plaintiff filed a Complaint [ECF No.1] against the Defendant, Montgomery Lynch and Associates, Inc., on June 17, 2018]. The Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (FDCPA), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq., (IDCSA) for the Defendant's unlawful collection practices. (Pl.'s Compl. ¶ 1.) On October 24, 2018, the Plaintiff filed a Motion for Clerk's Entry of Default [ECF No. 8]. The Clerk entered the default judgment on October 25, 2018 [ECF No. 9]. On October 25, 2018, the Plaintiff filed for a Motion for Default Judgment [ECF No. 10] and requested full statutory allotment of $1,000 as permitted under the FDCPA, attorneys' fees of $5,280.00, and $475.00 in costs.

On January 21, 2019, the Court granted in part, and withheld its ruling regarding the

Plaintiff's Motion for Default Judgment [ECF No. 11]. The Court granted statutory damages in

the amount of $1,000 and costs in the amount of $475.00. (Op. and Order at 6.) The Court

requested that the Plaintiff submit additional briefing regarding attorneys' fees. (*Id.*)

## ANALYSIS

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her

FDCPA action, as well as reasonable attorneys' fees. *See Schlacher v. Law Offices of Phillip J.

Rotche & Assocs., P.C.*, 574 F.3d 852, 856 (7th Cir. 2009) ("Plaintiffs who prevail under the Fair

Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees.");

*see also Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997). This

award is mandatory. *Id.* The general rule for calculating attorneys' fee awards under fee shifting

statutes is applicable to attorneys' fees awards under the FDCPA. *Gastineau v. Wright*, 592 F.3d

747, 748–49 (7th Cir. 2010). The starting point for calculating awards of attorneys' fees is the

lodestar method, which requires calculation of a reasonable hourly rate multiplied by the number

of hours reasonably expended on the litigation. *Johnson v. GDF, Inc.*, 668 F.3d 927, 929 (7th

Cir. 2012).

Generally, a reasonable hourly rate for an attorney is based on what the attorney charges

and receives in the market from paying clients for the same type of work. *Pickett v. Sheridan

Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011). "The market rate is the rate that lawyers of

similar ability and experience in the community normally charge their paying clients for [the]

type of work in question." *Owens v. Howe*, 365 F. Supp. 2d 942, 947 (N.D. Ind. 2005) (internal

citations and quotations omitted). A plaintiff bears the burden of producing satisfactory evidence

that the hourly rate is reasonable and in line with those prevailing in the community. *Calkins v.*

*Grossinger City Autocorp, Inc.*, No. 01 C 9343, 2003 WL 297516 at *1 (N.D. Ill. Feb. 12, 2013); *see also Spegon v. Catholic Bishops of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999) (noting that the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed). The Court must evaluate the Plaintiff's requests for attorneys' fees carefully. The Seventh Circuit has stated that district court orders should "evidence increased reflection before awarding attorney's fees that are large multiples of the damages recovered or multiples of the damages claimed." *Moriarty v. Svec II,* 233 F.3d 955, 968 (7th Cir. 2001).

In support of its requests for attorneys' fees in the amount of $5,135.00, the Plaintiff submitted a Declaration from attorney Geoff B. McCarrell [ECF No. 12]. Attorney McCarrell stated that attorney Melanie Pennycuff expended 5.2 hours of work at a rate of $250.00/per hour and he expended 8.4 hours of work at rate of $400.00/per hour (*Id.* ¶¶ 6–9, ECF No. 12-4.) Plaintiff's counsel produced satisfactory evidence that the attorneys' fees charged were reasonable and in line with those of similar experience in the Northern District of Indiana. (*Id.* ¶ 7.)

The Court must also assess the reasonableness of the hours the Plaintiff submitted. To determine the reasonableness of the hours expended, courts considers several factors, including the time and labor required, the novelty and difficulty of the issue, the legal skill required, the reputation of the attorneys, the time burdens imposed by the client or the circumstances, and awards in similar cases. *Owens*, 365 F. Supp. 2d at 948 (internal citations and quotations omitted). The Plaintiff's submitted time entries [ECF No 12-4] do not include administrative, non-legal work or redundant tasks. *Spegon*, 175 F.3d at 553. The attorneys' time entries were not "excessive, redundant or otherwise unnecessary" *Small v. Richward Wolf Med. Instruments*

*Corp.*, 264 F.3d 702, 708 (7th Cir. 2001). Therefore, the Court finds no issue with the reasonableness of the hours submitted.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Plaintiff's request for attorneys' fees in the amount of $5,135.00.


SO ORDERED on February 25, 2019.

<u>s/ Theresa L. Springmann</u>
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT